**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICKY HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1346-SDD-RLB** |
| **JASON BEARD, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 25, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1346-SDD-RLB** |
| **JASON BEARD, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' FRCP Rule 12(b)(6) Motion to Dismiss. (R. Doc. 12). The motion is opposed. (R. Doc. 15). Defendants filed a Reply. (R. Doc. 16).

**I.     Background**

On September 21, 2023, Ricky Hill ("Plaintiff"), who is proceeding *pro se*, commenced this federal civil rights action, naming as defendants Officer Jason Beard, Officer Eric Murphy, and the Gonzales Police Department (collectively, "Defendants"). (R. Doc. 1). In the Complaint, Plaintiff alleges that on September 19, 2022, at approximately 8:30 p.m., he was confronted by Officer Beard and Officer Murphy while in his truck at a Kentucky Fried Chicken drive-through window. (R. Doc. 1 at 7). Plaintiff alleges that after he refused to provide his driver's license to Officer Beard, he was pulled out of his truck and wrongfully arrested. (R. Doc. 1 at 8-9). Plaintiff asserts that the officers used exercise force during the arrest, including the manner in which they transported him to jail on the night of the arrest. (R. Doc. 1 at 3-4). Plaintiff alleges that he was then "unlawfully detained for a period of over 13 hours," which deprived him the right to care for his elderly mother and access to his daily medication for blood pressure and arthritis. (R. Doc. 1 at 9). Plaintiff is seeking to recover damages, including punitive damages, totaling $89,000. (R. Doc. 1 at 10).

1

Read liberally, the Complaint seeks relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for alleged wrongful arrest/false imprisonment and excessive force in violation of the Fourth Amendment of the U.S. Constitution. (R. Doc. 1 at 3-5).[1] Plaintiff also appears to seek relief under various Louisiana statutes (including criminal statutes,[2] traffic regulations,[3] and provisions of the Louisiana Code of Military Justice[4]), the Louisiana Constitution, and written policies of the Gonzales Police Department.

Defendants sought, and obtained, extensions of deadlines to file responsive pleadings. (*See* R. Docs. 6, 8, 10. 11). Defendants' Motion to Dismiss was filed on January 30, 2024. (*See* R. Docs. 11, 12).

In seeking dismissal, Defendants argue that Plaintiff's claims for false arrest/false imprisonment and excessive force under Section 1983 are prescribed, that Plaintiff's claim for false arrest/false imprisonment is barred by the *Heck* doctrine, and that Plaintiff cannot recover punitive damages against the City of Gonzales. (R. Doc. 12). Defendants submit evidence that Plaintiff was convicted on May 10, 2023 under La. R.S. 14:108, Resisting an Officer. (R. Doc 12-2). In opposing the motion, Plaintiff argues that his claims are not prescribed considering (1) the 8 months of criminal proceedings beginning with his arraignment on December 7, 2022 and

---

[1] The Complaint also references 18 U.S.C. § 242. (R. Doc. 1 at 2, 5). That is a criminal statute for deprivation of rights under color of law that does not provide a private right of action. *See Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (citing *Ali v. Shabazz*, 9 F.3d 22, 22 (5th Cir. 1993)); *see Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 24 (D.D.C. 2003) (construing claims for relief under 18 U.S.C. § 242 as claims for relief under 42 U.S.C. § 1983). Plaintiff's Section 1983 claims for false arrest/false imprisonment and excessive force implicate the protections provided by the Fourth Amendment. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) ("In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment."); *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989) ("Where . . . the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.").
[2] *See* La. R.S. 14:134 (Malfeasance in Office); La. R.S. 14:46.1 (False Imprisonment; offender armed with dangerous weapon).
[3] *See* La R.S. 32:295.1 (Safety belt use; tags indicating exemption); La. R.S. § 32:61 (Maximum speed limit)
[4] *See* La. R.S. 29:214 (Endangerment offenses)

2

(2) the extensions sought and obtained by Defendants to file responsive pleadings. (R. Doc. 15). In reply, Defendants again argue that the claims are subject to dismissal as prescribed or under the *Heck* doctrine. (R. Doc. 16).

## II. Law and Analysis

### A. Legal Standards for Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

3

### B. Plaintiff's Federal Claims are Prescribed

A one-year prescriptive period applies to Plaintiff's Section 1983 claims. The statute of limitations for Section 1983 claims is governed by the state law applicable to personal injury actions. *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Federal courts also look to state law for tolling provisions. *Hardin v. Straub*, 490 U.S. 536, 543 (1989). Louisiana applies a one-year prescriptive period for personal actions under federal civil rights statutes. *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007) (citing La. Civ. Code art. 3492).

While Louisiana law will govern the prescriptive period, federal law determines when the accrual of the right occurred with respect to Section 1983 claims. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]ederal law determines when a § 1983 claim accrues."). The statute of limitations begins to run "when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Redburn*, 898 F.3d at 496 (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski*, 51 F.3d at 516. With respect to false imprisonment claims under Section 1983, the Supreme Court has recognized that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

Here, the alleged false arrest/false imprisonment and excessive force claims are based on events commencing on September 19, 2022 at approximately 8:30 p.m. and ending approximately 13 hours later on September 20, 2022. Reading Plaintiff's Complaint liberally, the Court concludes that Plaintiff's claims for false arrest/false imprisonment and excessive force accrued no later than September 20, 2022, when Plaintiff was released from prison. Accordingly,

4

Plaintiff had one year from September 20, 2022 to commence this action (*i.e.*, September 20, 2023) with respect to his Section 1983 claims. *See Bourg v. Woods*, 31 So. 3d 1123, 1125 (La. App. 5th Cir. 2010) ("In this case, a full year from the date of the accident, October 1, 2006, was September 30, 2007. The commencement of the prescriptive period began on October 2, 2006, the day after the accident. Thus, the last day for filing suit was October 1, 2007. Since the action was not filed until October 2, 2007, the trial judge did not err in granting the exception of prescription."). Because Plaintiff did not commence this action until September 21, 2023, Plaintiff's Section 1983 claims are subject to dismissal with prejudice as prescribed.

In opposition, Plaintiff argues that the prescriptive period should be interrupted or tolled because he was "tied up" with his criminal litigation in the 23rd Judicial District Court in Ascension Parish for approximately 8 months. (*See* R. Doc. 15 at 1). There is no allegation in the Complaint that Plaintiff was confined in prison for this period. Even if he had been, the doctrine *contra non valentem* would not suspend the prescriptive period for Plaintiff's Section 1983 claims, which accrued on September 20, 2022. *See McGuire v. Larpenter*, 592 F. App'x 272, 275 (5th Cir. 2014) (citing *Jackson v. Jefferson Par. Clerk of Ct.*, 981 So. 2d 156, 161 (La. App. 5th Cir. 2008)). Furthermore, Plaintiff has provided no arguments in support of a finding that the Court improperly granted Defendants additional time to file responsive pleadings, and, if the extensions were improper, that they somehow require a finding that Plaintiff's Section 1983 claims are not prescribed.

Based on the foregoing, it is appropriate to conclude that Plaintiff's claims for false arrest/false imprisonment and excessive force under 28 U.S.C. § 1983 have prescribed and must be dismissed with prejudice. Accordingly, the Court need not reach Defendants' arguments that

5

Plaintiff's claim for false arrest/false imprisonment is barred under the *Heck* doctrine.[5] Furthermore the Court need not reach the issue of whether Plaintiff can recover punitive damages against the City of Gonzales.

Because any amendment of the pleadings would be futile with respect to these prescribed claims, it is appropriate to deny leave to amend Plaintiff's Section 1983 claims for false arrest/false imprisonment and excessive force and dismiss these claims with prejudice.

C.     **Plaintiff's State Law Claims**

Plaintiff has invoked the Court's supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "While the Court has wide discretion in determining whether to exercise supplemental jurisdiction, the 'general rule' is to decline to exercise such jurisdiction when all federal claims have been eliminated prior to trial." *Gopalam v. Smith,* No. 12-542, 2014 WL 518199, *9 (M D. La. Feb. 6, 2014) (quoting *Smith v. Amedisys Inc.,* 298 F.3d 434, 446-47 (5th Cir. 2002). Because all of Plaintiff's federal claims are subject to dismiss, it is proper to decline the exercise of supplemental jurisdiction over the Plaintiff's remaining state law claims. *See Coleman v. E. Baton Rouge Parish Sheriff's Office*, No. 14-00186, 2014 WL 5465816, at *6–7 (M.D. La. Oct. 28, 2014).

---

[5] In *Heck*, the Supreme Court held that a Section 1983 action is barred if a judgment in the plaintiff's favor would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). There is no dispute that Plaintiff was convicted on May 10, 2023 under La. R.S. 14:108, Resisting an Officer. (R. Doc 12-2). Accordingly, it appears that Plaintiff's Section 1983 claims are barred by *Heck*, with the possible exception of Plaintiff's excessive force claims. *See Thomas v. Pohlmann*, 681 F. App'x 401 (5th Cir. 2017). Regardless, as discussed above, all of Plaintiff's Section 1983 claims are prescribed.

6

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' FRCP Rule 12(b)(6) Motion to Dismiss (R. Doc. 12) be **GRANTED** to the extent it seeks dismissal if Plaintiff's claims under 28 U.S.C. § 1983 because those federal claims are prescribed.

**IT IS FURTHER RECOMMENDED** that Plaintiff's federal claims be dismissed **WITH PREJUDICE**, and that Plaintiff's remaining state law claims be dismissed **WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on March 25, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**